FILED

2017 APR -3 AM 10: 45

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLO PEDRIOLI,

    Plaintiff,

v.

    Case No.: 6:17-CV-577-ORL-18-GJK

BARRY UNIVERSITY, INC.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF CLAIM

1. In this action, Plaintiff **CARLO PEDRIOLI** seeks to redress injuries he suffered as a result of employment discrimination by Defendant **BARRY UNIVERSITY, INC.** Plaintiff suffered and continues to suffer from being subjected to unequal treatment, discrimination on account of his gender, and to a hostile work environment. Plaintiff brings the claims of discrimination under: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"); and the Florida Civil Rights Act, §760.01 et seq., Florida Statutes ("FCRA").

### II. JURISDICTION

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(F)(3). This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's state law claims. PEDRIOLI seeks equitable relief and damages including: declaratory and injunctive relief; back pay and reinstatement or front pay in lieu of reinstatement; compensatory and punitive damages; attorneys' fees, costs and expenses; and all other relief this Court deems just and proper.

## III. PARTIES

3. a. Plaintiff CARLO PEDRIOLI, (hereafter "Plaintiff") is a citizen of the United States and at all times material hereto, a resident of Orange County, Florida.

   b. Plaintiff was employed by Defendant.

4. a. Defendant BARRY UNIVERSITY, INC... is organized under the laws of the State of Florida and registered and licensed to do business in Florida.

   b. At all times material hereto Defendant transacted business and performed services in this Judicial District.

   c. Defendant was Plaintiff's employer within the scope of Title VII and the FCRA.

5. Plaintiff has satisfied all conditions precedent to filing this action. Plaintiff has satisfied all conditions precedent, including exhausting all administrative prerequisites. More than 180 days have passed without the FCHR issuing a determination on the charge as to Plaintiff's FCRA claims. Furthermore, less than 90 days have passed since the EEOC issued Plaintiff his right to sue letter.

6. At all times material hereto, each Defendant has employed twenty (15) or more persons for at least twenty (20) weeks and has engaged in an industry affecting interstate commerce.

## IV. CONDITIONS PRECEDENT

7. a. Plaintiff filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"): EEOC Charge No. 510-2015-00486 was filed on or about November 4, 2014.

   b. Plaintiff filed this lawsuit within ninety (90) days of receipt of the Notice of Right to Sue on his charge of discrimination.

   c. Plaintiff's charges of discrimination were cross-filed with the Florida Commission on Human Relations ("FCHR").

  d. Plaintiff filed this lawsuit more than one hundred eighty (180) days after his charges of discrimination were filed with the Florida Commission on Human Relations.

  e. Plaintiff has exhausted his administrative remedies on his claims brought under Title VII and the Florida Civil Human Rights Act.

## V. FACTS

8. Plaintiff is a man and as such, is in a protected class.

9. While employed by Defendant, Plaintiff observed there were very few male employees at its School of Law.

10. Plaintiff reported to a female supervisor, Dean Leticia Diaz.

11. During the course of his employment, Dean Diaz demonstrated discriminatory animus towards men.

12. Plaintiff was discriminated against because of his sex.

13. Plaintiff's tenure track relationship with the School of Law was ended discriminatorily, in violation of the law, and his signature on the terminal contract was obtained through deceit, misinformation and trickery.

14. Although he asked for the reason for his non-renewal, all he was told by Dean Diaz was that he was "not a good fit" based on the review of only one faculty member, Professor Lee Schinasi.

15. Professor PEDRIOLI had received no prior notice of any serious concerns regarding his performance, as all of his prior performance evaluations were all overall very positive and he had just been promoted the prior year to associate professor, with no indication of any reservations or issues regarding his continuing on tenure track.

16. The recommendation to not retain him was clearly made for pretextual reasons to cover up the illegal reasons.

17. At the meeting where Dean Diaz informed Professor **PEDRIOLI** of her decision not to retain him, she attempted to convince him to resign instead, providing him with a number of phony reasons that he could assert in such a resignation.

18. Clearly, this attempt by Dean Diaz to push Plaintiff into resigning based on a lie was wholly unprofessional and inappropriate and makes a mockery of the oft-repeated claim of Defendant BARRY's commitment to highly ethical practices.

19. Moreover, it provides further support of the pretextual nature of the reason given for his nonrenewal.

20. Despite his stellar record of teaching, his highly productive scholarly work, and his extensive service to the community over the prior five years, and despite Dean Diaz having given him permission two months earlier to take on a pro bono case in the Middle District of Florida in which he had successfully handled the appeal and, based on the Eleventh Circuit's suggestion, the Middle District Court asked him to litigate the case in chief which could take two to three years to complete, Dean Diaz purportedly accepted a recommendation to terminate Professor **PEDRIOLI**'s employment based on an isolated negative evaluation of one faculty member.

21. Moreover, that faculty member apparently based his entire recommendation on sitting in on one class taught by Professor **PEDRIOLI** three and a half months earlier, with no review of his scholarship or his community service and absolutely no prior mention of any purported problems with his teaching, despite having many opportunities to do so.

22. If Professor **PEDRIOLI**'s teaching was so abysmal that it warranted his termination of employment then it stands to reason that it should have immediately triggered some kind of remedial action, so that BARRY's students would not be harmed by being subjected to substandard teaching throughout Plaintiff's terminal year of employment.

23. The failure to do so is an indicator of the pretext of the purported reason for termination.

24. Pretext is also shown by the overwhelming evidence of the prior and subsequent positive evaluations done of him by other faculty throughout his tenure with the Defendant's School of Law.

25. In the Fall of 2014, Professor Pedrioli became aware that a similarly situated female professor had been treated differently than he was.

26. Defendant's reason given for Plaintiff's termination was pretextual.

27. Plaintiff has suffered loss of his job, pay and benefits, and has suffered stress, humiliation and great emotional distress due to these discriminatory and retaliatory actions.

## VI. CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF - GENDER DISCRIMINATION [TITLE VII]

28. Defendant engaged in discriminatory employment practices as described in this complaint in paragraphs 1 through 27, which resulted in Plaintiff being subjected to discrimination, unequal treatment, an offensive and hostile work environment and a retaliatory discharge, which violated his rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

29. **WHEREFORE**, as to the First Claim for Relief, Plaintiff, CARLO PEDRIOLI, respectfully requests this Court to enter a judgment awarding Plaintiff all such legal, equitable, and monetary relief as will effectuate the purpose of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., including, but not limited to:

    a. Awarding appropriate back pay to Plaintiff;

    b. Issuing a Declaratory Judgment that Defendant's practices are violative of Plaintiff's rights under Title VII;

    c. Enjoining Defendant from continuing or maintaining the policy, practice, and custom of denying employees their rights secured by Title VII;

  d. Ordering Defendant to place Plaintiff in the position which he would have had, absent Defendant's unlawful discrimination;

  e. Restoring Plaintiff with credits of all other employee benefits he would have received but for Defendant's unlawful discrimination;

  f. Awarding Plaintiff compensatory damages;

  g. Granting Plaintiff costs and reasonable attorney's fees; and

  h. Granting any other relief the Court deems appropriate.

## B. SECOND CLAIM FOR RELIEF - GENDER DISCRIMINATION [FCRA]

30. Defendant engaged in discriminatory employment practices as described in this complaint in paragraphs 1 through 27, which resulted in Plaintiff being subjected to discrimination, unequal treatment, an offensive and hostile work environment and a retaliatory discharge, which violated his rights secured by Florida Civil Rights Act, §760.01 et seq., Florida Statutes.

31. **WHEREFORE**, as to the Second Claim for Relief, Plaintiff, CARLO PEDRIOLI, respectfully requests this Court to enter a judgment awarding Plaintiff all such legal, equitable, and monetary relief as will effectuate the purpose of the Florida Civil Rights Act, §760.01 et seq., Florida Statutes, including, but not limited to:

  a. Awarding appropriate back pay to Plaintiff;

  b. Issuing a Declaratory Judgment that Defendant's practices are violative of Plaintiff's rights under the FCRA;

  c. Ordering Defendant to place Plaintiff in the position which he would have had, absent Defendants' unlawful discrimination;

  d. Restoring Plaintiff with credits of all other employee benefits he would have received but for Defendant's unlawful discrimination;

  e. Awarding Plaintiff compensatory damages;

  f. Granting Plaintiff costs and reasonable attorney's fees; and

  g. Granting any other relief the Court deems appropriate.

## VII. REQUEST FOR JURY TRIAL

32. Plaintiff requests a trial by jury on all issues so triable.

         */s/ Martha A. Chapman*
         MARTHA A. CHAPMAN
         Florida Bar No. 4464

         MARTHA A. CHAPMAN, P.A.
         1219 E. Livingston Street
         Orlando, Florida 32803
         407-896-4835
         407-574-7912 (fax)
         Marty@martychapmanlaw.net

         ATTORNEYS FOR PLAINTIFF

DATE: April 3, 2017