**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CARLO PEDRIOLI,

        Plaintiff,

v.                                                Case No: 6:17-cv-577-Orl-40GJK

BARRY UNIVERSITY, INC.,

        Defendant.
_____/

## ORDER

This cause comes before the Court without oral argument on Defendant Barry University, Inc.'s Motion to Dismiss or, in the Alternative, for More Definite Statement (Doc. 15), filed August 3, 2017. Plaintiff responded in opposition on August 23, 2017. (Doc. 22). The parties have completed their briefing and the Court is otherwise fully advised on the premises. For the following reasons, the Court grants Defendant's motion.

**I.    BACKGROUND**[1]

Plaintiff, Carlo Pedrioli, brings this discrimination action against Defendant, Barry University, Inc. ("Barry"), pursuant to Title VII, 42 U.S.C. § 2000e, and the Florida Civil Rights Act ("FCRA"), alleging gender discrimination, hostile work environment, and retaliatory discharge. During the relevant time period, Plaintiff was employed as a professor at Barry School of Law. Plaintiff, who is male, observed that the vast majority of Barry law employees were female. While employed at Barry law, Plaintiff reported to a

---

[1] This account of the facts is taken from Plaintiff's Complaint (Doc. 1), the factual allegations of which the Court accepts as true when considering Defendant's motion to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

female supervisor, Dean Leticia Diaz, who "demonstrated discriminatory animus towards men."

Dean Diaz ended Plaintiff's tenure track relationship with the school when she presented Plaintiff with, and Plaintiff thereafter signed, a "terminal contract." Plaintiff contends his signature on the terminal contract was obtained through deceit, misinformation, and trickery. When asked to justify Plaintiff's non-renewal, Dean Diaz simply stated that Plaintiff was "not a good fit" based on a performance review conducted by Professor Lee Schinasi. Plaintiff received no notice of serious performance concerns before being presented with the terminal contract. Because his prior performance reviews were consistently positive and he had recently been promoted, Plaintiff reasons that his termination was "clearly made for pretextual reasons."

Plaintiff points to several other factors that purportedly make clear Dean Diaz's discriminatory motive for Plaintiff's termination. First, at the meeting where Plaintiff received the terminal contract, Dean Diaz initially asked Plaintiff to resign, and suggested grounds he could cite in a resignation letter. Second, Plaintiff had a "stellar record of teaching," was a productive scholar, had completed extensive community service, and had recently received permission from Dean Diaz to take on a representation pro bono in a case before the District Court for the Middle District of Florida. Moreover, Professor Schinasi's recommendation was premised on a single observation of one of Plaintiff's classes. Finally, the class Professor Schinasi observed took place approximately three and a half months before Plaintiff's termination. Plaintiff asserts that these facts, taken together, demonstrate that the proffered reasons for his termination are pretextual, meant to conceal the true rationale: unlawful gender discrimination.

In the "Fall of 2014," Plaintiff became aware of a similarly situated female professor who received different treatment, thereby alerting Plaintiff to discrimination. On November 4, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's discrimination charges were cross-filed with the Florida Commission on Human Relations ("FCHR"). Plaintiff initiated this suit on April 3, 2017. The complaint is divided into two Counts: (1) gender discrimination pursuant to Title VII; and (2) gender discrimination pursuant to the FCRA. Both Counts incorporate the first twenty-seven paragraphs, and include vague allegations that Plaintiff was subjected to "discrimination, unequal treatment, an offensive and hostile work environment[,] and a retaliatory discharge . . . ."

## II.    STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. To survive the motion, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim is not enough, and the district court need not give any credence to legal conclusions that are unsupported by sufficient factual material. *Id.* District courts must accept all well-pleaded allegations within the complaint and any documents attached thereto as true and must read the complaint in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

At the motion to dismiss stage, district courts must generally constrain their review to the "four corners of the complaint." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). A "document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

## III. DISCUSSION

### A. Motion to Dismiss as Untimely

Defendant argues, in its Motion to Dismiss, that Plaintiff failed to timely exhaust his administrative remedies, thus precluding his claims. (Doc. 15, p. 3). Plaintiff responds that, under equitable tolling doctrine, his administrative charges were timely. (Doc. 22).

Before bringing suit under Title VII or the Florida Civil Rights Act, potential plaintiffs must first exhaust their administrative remedies. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001); Fla. Stat. 760.11(1). First, a potential plaintiff must timely file a charge of discrimination with the appropriate agency. In Florida, a deferral state, Title VII requires charges of discrimination be filed with the EEOC within 300 days of the discriminatory act. 42 U.S.C. § 2000e-5(e)(1); *Thomas v. Fla. Power & Light Co.*, 764 F.2d 768, 769–70 (11th Cir. 1985). The FCRA requires the filing of a charge of discrimination with a state commission or the EEOC within 365 days of the alleged discrimination. Fla. Stat. 760.11(1).

Plaintiff filed his charge of discrimination with the EEOC on July 20, 2015. (Doc. 15, p. 14).[2] Accordingly, to be timely, Plaintiff's Title VII claims must have accrued on or

---

[2] Though outside the complaint, the Court is authorized to consider Plaintiff's charge of discrimination at the motion to dismiss stage because it is central to Plaintiff's claims

after September 23, 2014. Plaintiff and Defendant disagree as to the date Plaintiff's alleged claims accrued, thus triggering the start of the 300- and 365-day charge-filing periods. Plaintiff contends the period began in the "Fall of 2014," when he learned that a similarly situated female professor was treated differently. (Doc. 22, p. 2). Defendant asserts the period began on March 2, 2014, the date Plaintiff signed the terminal contract.[3] (Doc. 15, pp. 5, 16). If Defendant is correct, then Plaintiff's charge of discrimination was untimely filed, but if Plaintiff is correct, then Plaintiff's charge of discrimination *may have been* timely filed. Assuming the correctness of Plaintiff's allegation, it is not clear whether the charge of discrimination would have been timely filed because of the imprecision with which Plaintiff alleges the date he learned of the female professor's unequal treatment.[4]

As Plaintiff points out, these time periods are subject to the doctrine of equitable tolling. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 2061, 2072 (2002). Courts entertaining Title VII discrimination claims may decide whether equitable remedies (such

---

    and its authenticity is undisputed. *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

[3] As with Plaintiff's charge of discrimination, the Court is free to consider the terminal contract attached to Defendant's motion to dismiss as it is central to Plaintiff's claims and its authenticity is undisputed. *Maxcess, Inc.*, 433 F.3d at 1340 n.3.

[4] According to the National Centers for Environmental Information, the meteorological "Fall" season begins in September and ends in November. *Meteorological Versus Astronomical Seasons*, NAT'L CTRS. FOR ENVTL. INFO. https://www.ncdc.noaa.gov/news/meteorological-versus-astronomical-seasons (last visited Dec. 15, 2017). As noted above, to be timely, Plaintiff's claims must have accrued on or after September 23, 2014. This construction of "Fall [] 2014" includes dates both before and after September 23, 2014. Therefore, even if Plaintiff's contention is correct, greater specificity is needed to definitively determine the timeliness of his charge of discrimination.

as equitable tolling) should be applied in a given case, "although they are to be applied sparingly." *Id.*

The rule announced in *Reeb v. Econ. Opportunity Atlanta*, 516 F.2d 924 (5th Cir. 1975) guides the Court's analysis on this issue.[5] The *Reeb* court held that the charge-filing period for Title VII discrimination claims does not begin to run until "the facts that would support a charge of discrimination under Title VII were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff." 516 F.2d at 930.[6] "Secret preferences in hiring and even more subtle means of illegal discrimination, because of their very nature, are unlikely to be readily apparent to the individual discriminated against." *Reeb*, 516 F.2d at 931; *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 n.7 (2002). Courts therefore apply equitable tolling to preserve discrimination claims that would otherwise be time-barred due to employer deception.

In this case, taking the allegations of the complaint as true and reading the complaint in the light most favorable to Plaintiff, the filing-period began to run in "Fall of 2014," when Plaintiff became aware that a similarly situated female professor was treated

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to October 1, 1981.

[6] The court continued: "A corollary of this principle, often found in cases where wrongful concealment of facts is alleged, is that a party responsible for such wrongful concealment is estopped from asserting the statute of limitations as a defense." *Id.*

Applying the rule set out in *Reeb*, the Fifth Circuit held in *Tucker v. United Parcel Service* that the charge-filing period for discharged black seasonal employees did not begin on the date the plaintiffs were discharged, but rather the date the "plaintiffs learned that white seasonals were being recalled." 657 F.2d 724, 726 (11th Cir. 1981).

differently. Plaintiff proffers in response to Defendant's dismissal motion that he was unaware that he had been the victim of discrimination until he learned that a similarly situated female professor received different treatment. (Doc. 22). To that end, the complaint states that he became aware of the female professor's treatment in the "Fall of 2014." (Doc. 1, ¶ 25). Accordingly, Defendant's motion to dismiss the complaint for failure to timely exhaust administrative remedies is denied because of the potential application of equitable tolling. Though imprecise, Plaintiff's allegations relating to the timeliness of his charge of discrimination meet the requisite plausibility threshold to survive a motion to dismiss.

### B. Hostile Work Environment Claim[7]

To the extent the complaint brings a claim for hostile work environment, Defendant moves to dismiss. (Doc. 15, p. 6). Defendant first asserts that Plaintiff failed to allege sufficient facts to give Defendant notice of a hostile work environment claim. (*Id.*). Defendant further asserts that Plaintiff's claim cannot be amended to allege a claim for hostile work environment because Plaintiff omitted hostile work environment allegations in his charge of discrimination. (*Id.* at p. 7). Finally, Defendant argues that the complaint fails to allege facts to state such a claim. (*Id.* at p. 8). The Court will address these arguments in turn.

Defendant is correct that the complaint fails to give adequate notice of a hostile work environment claim. Federal Rule of Civil Procedure ("Rule") 8(a)(2) requires a "short

---

[7] Because the FCRA was patterned after Title VII, Florida courts have applied decisions relating to Title VII when analyzing FCRA claims. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). The Court's analysis of Plaintiff's Title VII claim thus applies equally to his FCRA claim.

and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 10(b) provides that, if doing so would promote clarity, claims based upon separate transactions or occurrences should be stated in separate counts. Plaintiff vaguely alludes to multiple claims arising under various theories of law in the first paragraph of both Counts, alleging Defendant's employment practices subjected Plaintiff to "discrimination, unequal treatment, an offensive and *hostile work environment*[,] and a retaliatory discharge . . . ." (Doc. 1, ¶¶ 28, 30 (emphasis added)). The Court finds that the allegations of the complaint are insufficient to give Defendant notice of a claim for hostile work environment.

Turning to Defendant's second argument, Plaintiff's failure to specifically allege hostile environment harassment in his charge of discrimination does not preclude Plaintiff from pursuing such a claim in this action. It is well-settled that a Title VII "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)). The allegations of a Title VII claim filed in federal court must be "like or related" to allegations in the charge of discrimination. *Sanchez v. Std. Brands, Inc.*, 321 F.2d 455, 466 (5th Cir. 1970). However, courts are "extremely reluctant" to prohibit Title VII claims because of such technicalities. *Id.* Accordingly, the Eleventh Circuit has stated that "the scope of an EEOC complaint should not be strictly interpreted." *Id.* The Court finds that the hostile environment harassment claim is "like or related" to

the allegations of Plaintiff's charge of discrimination, and is therefore not procedurally barred. (Doc. 15, p. 4).

Finally, Plaintiff's cause of action fails to state a plausible claim for relief. To prevail on a hostile work environment claim under Title VII, a plaintiff "must allege, and ultimately prove, discriminatory behavior 'sufficiently severe to alter the conditions of his employment.'" *Short v. Immokalee Water & Sewer Dist.*, 165 F. Supp. 3d 1129, 1141 (M.D. Fla. 2016) (alteration accepted) (quoting *Pa. State Police v. Suders*, 542 U.S. 129, 133 (2004)). Plaintiff must allege that: (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for the harassment under either vicarious or direct liability. *Id.* The complaint in this case does not come close to stating a plausible claim. The complaint vaguely alleges hostile environment harassment without alleging a single instance of unwelcome harassment. Accordingly, the complaint fails to state a plausible hostile work environment claim.

For the foregoing reasons, Plaintiff's hostile work environment claims are due to be dismissed for failure to adequately notice Defendant of the nature of the claims, and for failure to state plausible claims for relief. Such claims are dismissed *without* prejudice in light of the foregoing.

### C. Retaliation Claim

Defendant further moves to dismiss Plaintiff's retaliation claims for failure to state plausible claims to relief. To establish a prima facie retaliation claim under 42 U.S.C. §

2000e-3(a), a plaintiff must demonstrate that: "(1) he engaged in statutorily protected activity; (2) he suffered an adverse action; and (3) there was a causal connection between the protected activity and the adverse action." *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010).[8] Title VII prohibits employer "retaliation when an employee 'opposes any practice made an unlawful employment practice by Title VII' or 'has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.'" *Id.* (alterations accepted).

As noted above, Plaintiff generally alleges that he was subject to "retaliatory discharge" in both Counts. The complaint is devoid of allegations that Plaintiff engaged in statutorily protected activity. Plaintiff's retaliation claims are therefore dismissed without prejudice.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss is **GRANTED**. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff has **fourteen (14) days** from the date of this Order to file an amended complaint. If Plaintiff seeks to assert separate claims for "discrimination, unequal treatment, . . . offensive and hostile work environment[,] and . . . retaliatory discharge," they should be stated in separate Counts per Rule 10(b).

---

[8] The same analysis applies to Plaintiff's retaliation claim brought under the FCRA. *Id.* at 1244 n.4.

**DONE AND ORDERED** in Orlando, Florida on January 24, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties