**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CARLO PEDRIOLI,

        Plaintiff,

v.    Case No: 6:17-cv-577-Orl-40GJK

BARRY UNIVERSITY, INC.,

        Defendant.
                                    /

## **ORDER**

This cause is before the Court on Defendant Barry University, Inc.'s Motion to Dismiss the Amended Complaint or, in the Alternative, for a More Definite Statement (Doc. 41), filed March 9, 2018. Plaintiff responded in opposition on March 26, 2018. (Doc. 46). Upon consideration, Defendant's motion is due to be granted in part and denied in part.

**I.    BACKGROUND[1]**

In this employment discrimination case, Plaintiff alleges that he was unlawfully terminated from his professorship at Barry School of Law ("**Law School**"). Plaintiff claims that in the female dominated environment at the Law School, his female supervisor, Dean Leticia Diaz ("**Dean Diaz**"): (1) said she preferred working with women; (2) often commented that she did not want men in certain departments and positions; and (3) subjected Plaintiff to more rigorous review than his female counterparts. (Doc. 38, ¶¶ 9–

---

[1] This account of the facts is taken from Plaintiff's Verified Complaint (Doc. 1). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

14 ("**Amended Complaint**")). After receiving a single negative performance review, Dean Diaz concluded that Plaintiff was "not a good fit" and terminated him. (*Id.* at ¶¶ 18–19). Citing his superlative employment record and contributions to the Law School, Plaintiff maintains that the negative performance review and the attendant reasoning were proffered to conceal Dean Diaz's animus and the true basis for Plaintiff's dismissal—because he is a male. (*Id.* ¶¶ 20–28).

Following his termination, Plaintiff initiated this action alleging that Defendant terminated him on the basis of his gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("**Title VII**"), and the Florida Civil Rights Act ("**FCRA**"). (*See* Doc. 1 ("**Initial Complaint**")). In his Initial Complaint, Plaintiff asserted several theories of liability in each count, including disparate treatment, hostile work environment and retaliatory discharge. (*Id.*). Finding it deficient, the Court dismissed the initial complaint and granted Plaintiff leave to file an amended complaint. (Doc. 35). Plaintiff did so. In his Amended Complaint, he again asserts multiple theories of liability in two counts: Count I alleging Title VII violations; and Count II advancing FCRA violations. (*See* Doc. 38). In each Count, Plaintiff alleges that he was "subjected to discrimination, unequal treatment, and an offensive and hostile work environment." (*Id.* ¶¶ 34, 36).

Defendant moves to dismiss the Amended Complaint, arguing that the Amended Complaint, like its predecessor, fails to state a claim for hostile work environment and retaliation.[2] (Doc. 41). Plaintiff opposes (Doc. 46), and the matter is now ripe.

---

[2] The Amended Complaint also alleges gender discrimination under a disparate treatment theory. Defendant, however, has not moved to dismiss Plaintiff's disparate treatment claim.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, in order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Moreover, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's hostile work environment and retaliation claims. (Doc. 41, pp. 6–11). Further, Defendant moves to dismiss the Amended Complaint for improperly combining multiple claims into each count. (*Id.* at pp. 5–6). In the alternative, Defendant moves for a more definite statement. (*Id.* at pp. 11–12).

### A. Hostile Work Environment Claims

Plaintiff bases his Title VII and FCRA claims, in part, on a hostile work environment theory.[3] Under this theory, a plaintiff "must allege, and ultimately prove, discriminatory behavior 'sufficiently severe to alter the conditions of his employment.'" *Short v. Immokalee Water & Sewer Dist.*, 165 F. Supp. 3d 1129, 1141 (M.D. Fla. 2016) (alteration accepted) (quoting *Pa. State Police v. Suders*, 542 U.S. 129, 133 (2004)). Plaintiff must allege that: (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for the harassment under either vicarious or direct liability. *Id.* In regards to the "severe or pervasive" element, the Eleventh Circuit has stated:

> To be actionable, this behavior must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceives to be abusive. In evaluating the objective severity of the alleged hostile work environment, we consider (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the

---

[3] Because the FCRA was patterned after Title VII, Florida courts have applied decisions relating to Title VII when analyzing FCRA claims. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). The Court's analysis of Plaintiff's Title VII claim thus applies equally to his FCRA claim.

4

> employee's job performance. But Title VII is not a general civility code; ordinary tribulations of the workplace, such as sporadic use of abusive language, gender-related jokes, and occasional teasing cannot form the basis of a claim for actionable harassment or hostile work environment. Instead, conduct must be extreme to amount to a change in terms and conditions of employment. Title VII is not a shield against harsh treatment in the workplace; personal animosity is not the equivalent of [gender] discrimination.

*Corbett v. Beseler*, 635 F. App'x 809, 816 (11th Cir. 2015) (internal quotation marks and citations omitted).

Defendant contends that Plaintiff has failed to plead sufficient facts to support a hostile work environment claim. (Doc. 41, pp. 6–11). The Court agrees.

As before, the Amended Complaint alleges that Dean Diaz "demonstrated discriminatory animus towards men." (Doc. 1, ¶ 11; Doc. 38, ¶ 11). Plaintiff also alleges that: (1) Dean Diaz expressed a preference for working with women; (2) Dean Diaz often commented that she did not want men in various departments and positions in the [Barry] School of Law; (3) Dean Diaz subjected Plaintiff to more rigorous review than his female colleagues; and (4) Plaintiff was subjected to unwanted gender-based conduct. (Doc. 38, ¶¶ 12–15).

More is not always better. Nothing in these additional allegations inches the Amended Complaint into the realm of plausibly stating a claim for hostile work environment. *See Alhallaq v. Radha Soami Trading, LLC*, 484 F. App'x 293 (11th Cir. 2012) (stating the plaintiff "cannot make actionable ordinary workplace tribulations by turning a 'personal feud' between herself and a coworker into a Title VII religiously hostile work environment claim"); *Gonzalez v. Kellogg Co.*, No. 8:15-cv-32, 2015 WL 1538151, at *2–3 (M.D. Fla. Apr. 7, 2015); *Thompson v. City of Miami Beach*, 990 F. Supp. 2d 1335, 1340–41 (S.D. Fla. 2014) (dismissing hostile work environment race discrimination

claim—founded upon three racial slurs and numerous other offensive though non-racial comments—for failure to state a claim). Indeed, Plaintiff's allegations amount to little more than "conclusion[s] couched as [] factual allegation[s]. *See Papasan*, 478 U.S. at 286. After ignoring these conclusions, it is obvious that Plaintiff has failed to allege the requisite "extreme" harassing conduct to sustain his hostile work environment claims. They are thus due to be dismissed.

Plaintiff requested leave to amend in the event the Court finds the Amended Complaint fails to state a claim for hostile work environment. This request is denied as procedurally improper. "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999)). Plaintiff also failed to comply with Federal Rule of Civil Procedure 7(b) by neglecting to "set forth [either] the substance of the proposed amendment or attach a copy of the proposed amendment." *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). Therefore, to the extent Plaintiff still seeks to pursue a hostile work environment claim, he must file a separate motion seeking leave to amend in compliance with this Court's Local Rules and Federal Rules of Civil Procedure.

It is worth mentioning that Plaintiff has now twice failed to come close to alleging plausible hostile work environment claims. Both times, Plaintiff relied on bald and conclusory allegations that he was subjected to workplace discrimination. The Court strongly suspects that further amendment would be futile, and any such motion seeking leave would likely be denied. *See Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013).

B.  **Retaliation Claims**

Defendant also moves to dismiss Plaintiff's retaliation claims, to the extent the Amended Complaint pleads them. (Doc. 41, pp. 9–11). The Initial Complaint asserted retaliation claims under Title VII and the FCRA, which were dismissed by this Court's Order for failure to state a claim. (Docs. 1, 35). The Amended Complaint makes only a single fleeting reference to retaliation: "Plaintiff has suffered loss of his job, pay and benefits, and has suffered stress, humiliation and great emotional distress due to these discriminatory and *retaliatory* actions." (Doc. 38, ¶ 33 (emphasis added)). In response, Plaintiff "concedes that the Amended Complaint fails to properly plead the retaliation claims which somehow disappeared from the Amended Complaint, and seeks leave to amend." (Doc. 46, pp. 4–5). To the extent the Amended Complaint brings a claim for retaliation, it is dismissed. With respect to Plaintiff's seeking leave, his request is flawed.

This request for leave to amend is also procedurally improper. *See Rosenberg*, 554 F.3d at 967; *Long*, 181 F.3d at 1279. Taking Plaintiff's contention that the retaliation allegations "somehow disappeared from the Amended Complaint" as true, he will apparently seek to amend. Again, to do so, Plaintiff must file a separate motion seeking leave to amend. And again, the Court is deeply skeptical that Plaintiff could plead a plausible retaliation claim in light of the total absence of factual allegations in either the Initial Complaint or the Amended Complaint establishing that Plaintiff's termination was retaliation for statutorily protected activity.[4]

---

[4]  To state a retaliation claim under Title VII, a plaintiff must allege that: "(1) []he engaged in statutorily protected expression; (2) []he suffered a materially adverse employment action; and (3) h[is] employer's retaliatory motive was the 'but for' cause of the adverse employment action." *Jean Pierre v. Park Hotels & Resort, Inc.*, No. 17-cv-21955, 2017 WL 4408972, at *3 (S.D. Fla. Oct. 4, 2017). With regard to the "statutorily protected

### C. Remaining Dismissal Arguments

Defendant also argues that the Amended Complaint should be dismissed because it improperly comingles multiple claims in each count. (Doc. 41). True enough, Plaintiff, in drafting the Amended Complaint, ignored the Court's explicit directions to set forth each distinct claim to relief in separate counts (Doc. 35, p. 10). (Doc. 38, ¶¶ 34, 36). However, Defendant's argument is now moot given the Court's analysis that two out of three theories were insufficiently pled—leaving only a disparate treatment claim under both Title VII and the FCRA.

### D. Motion for More Definite Statement

Finally, Defendant moves for a more definite statement of all counts. (Doc. 41, pp. 11–12). Federal Rule of Civil Procedure 12(e) states that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A more definite statement motion "is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]. The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Ramirez v. FBI*, No. 8:10–cv–1819–T–23TBM, 2010 WL 5162024, at *2 (M.D. Fla. Dec. 14, 2010) (internal quotation marks and citation omitted) (first quoting *Sun Co., (R & M) v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 368 (E.D. Pa. 1996); then quoting *Aventura Cable*

---

expression" element, Plaintiff must allege that he "voiced opposition to an unlawful employment practice or participated in any manner in an investigation, proceeding, or hearing, concerning an unlawful employment practice." *Id.* (citing 42 U.S.C. § 2000e-3(a)). The same analysis applies to retaliation claims brought under the FCRA. *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 n.4 (11th Cir. 2010).

*Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd.*, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996)). As for the hostile work environment and retaliation claims, this request is now moot in light of the dismissal of these claims. As for the disparate treatment claim, the Amended Complaint is not an "unintelligible pleading," and a more definite statement is thus not warranted.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant Barry University, Inc.'s Motion to Dismiss the Amended Complaint or, in the Alternative, for a More Definite Statement (Doc. 41) is **GRANTED IN PART** and **DENIED IN PART**. The hostile work environment claims and retaliation claims are **DISMISSED WITHOUT PREJUDICE**. The Motion is otherwise denied. Defendant has **fourteen (14) days** from the date of this Order to answer the remainder of Plaintiff's Amended Complaint.

**DONE AND ORDERED** in Orlando, Florida on May 15, 2018.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

9